IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAVIAD AKHTAR,

    Petitioner,                   No. CIV S-03-2674 MCE GGH P

    vs.

MIKE KNOWLES, Warden,         ORDER &

    Respondent.             FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner's counsel has once again filed a request for an extension of time to file an amended petition in this 28 U.S.C. § 2254 proceeding. In an order filed on November 22, 2004, the court, while nevertheless granting petitioner an additional extension of time (60 days), noted that by then nearly ten months had passed since the January 28, 2004 original scheduling order. Petitioner was cautioned that no further extensions of time would be granted. See Order, filed on November 22, 2004. Also noted in that order was counsel for petitioner's failure to reference deadlines that had been set by an order filed on July 8, 2004, as well as the vaguely stated grounds in support of an additional extension of time.

        Notwithstanding the court's explicit caution, on January 21, 2005, petitioner submitted yet another request for a 90-day extension of time. No doubt because of the court's warning, petitioner, acknowledging that the request was not framed as a motion for leave to

1

conduct discovery, petitioner contended that the request qualified as one.  By order filed on February 25, 2005, the undersigned granted petitioner's request authorizing funds for a forensic psychologist and a Punjab interpreter.  Petitioner, was, however, warned, this time in bold letters, that there would be no further extension of time beyond April 24, 2005 for the filing of either an amended petition with exhausted claims only on which petitioner intended to proceed, or a statement identifying exhausted and unexhausted claims together with an amended exhausted-claims-only petition and a request to hold the amended petition in abeyance.

On April 20, 2005, petitioner's counsel has once again pushed the envelope and this time the court's long-extended patience has worn thin.  On April 20, 2005, without any reference at all to the court's repeated cautions regarding seeking any further extensions of time, petitioner's counsel seeks, with wholly insufficient cause, yet another 90-day time extension.  The court will deny petitioner's latest request made in contravention of the explicit instruction in this court's February 25, 2005 order.  See Local Rule 11-110.  The undersigned has little choice at this juncture other than to recommend dismissal of this action for petitioner's counsel's failure to prosecute.

> The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. [FN3] The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.

Roadway Express, Inc., v. Piper, 447 U.S. 752, 765, 100 S. Ct. 2455, 2463 (1980), quoting Link v. Wabash Railroad Co., 370 U.S. 626, 629-630, 82 S. Ct. 1386, 1388 (1962); Plaut v. Spendthrift , 514 U.S. 211, 228, 115 S. Ct. 1447, 1457 (1995)("[t]he rules of finality, both statutory and judge made, treat," inter alia, dismissals "for failure to prosecute: as a judgment on the merits.").

Accordingly, IT IS ORDERED that petitioner's April 20, 2005 request for extension of time to file an amended petition is denied.

\\\\\

IT IS HEREBY RECOMMENDED that this action be dismissed for petitioner's failure to prosecute.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 4/25/05

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
akht2674.ofr